# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MALIK JEFFERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>R. NUCKLES,<br><br>    Defendant. | Case No. 1:14-cv-00869-AWI-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF NO. 25) |

    Plaintiff Omar Jefferson is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On July 29, 2016, Plaintiff filed a motion for the appointment of counsel. (ECF No. 25.) Plaintiff's first request for the appointment of counsel was denied on April 22, 2016. (ECF No. 23.)

    Plaintiff is advised that there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

    Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court has considered Plaintiff's moving papers, but does not find the required exceptional circumstances. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff is proceeding on a claim of failure to protect in violation of the Eighth Amendment. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his arguments in the May 27, 2014, complaint on which this action proceeds. Plaintiff argues that he has a disability covered by the Americans With Disabilities Act which makes it difficult for him to read, write, or understand the material in his case. As noted, Plaintiff has adequately set forth his claims in the complaint, and has complied with all Court orders. Although Plaintiff may not be represented by a non-lawyer, he may obtain the assistance of other individuals. The Court notes that Plaintiff's motion was prepared with the assistance of a Library Technical Assistant at the CSP Corcoran Law Library. In forma pauperis status alone does not alone entitle Plaintiff to appointed counsel. A statement that Plaintiff is disabled, does not, of itself, constitute exceptional circumstances. Plaintiff has not specified what his disability is, or specifically how that disability impedes his ability to comprehend Court orders and respond to them. Plaintiff does not provide enough information about his disability for the Court to make a determination whether the appointment of counsel is warranted.

While a pro se litigant may be setter served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand, 113 F.3d at 1525 (finding no abuse of discretion

//
//
//
//
//
//
//

under 28 U.S.C. §1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better – particularly in the realm of discovery and the securing of expert testimony.")  Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:  **August 2, 2016**

UNITED STATES MAGISTRATE JUDGE