# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR JEFFERSON,<br><br>         Plaintiff,<br><br>    v.<br><br>R. NUCKLES,<br><br>         Defendant. | Case No.  1:14-cv-00869-AWI-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 31) |

Plaintiff Omar Jefferson is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 3, 2016, the Court denied Plaintiff's second request for the appointment of counsel, without prejudice. (ECF No. 26.) Currently before the Court is Plaintiff's motion to reconsider that order, filed November 9, 2016. (ECF No. 31.) Plaintiff contends that he requires special accommodations due to his mental health care level, and that the law librarian will not provide him legal advice, including explaining the meaning of legal documents, due to CDC policy. For these reasons, Plaintiff contends he is not mentally capable to access the courts and comply with court orders.

Federal Rule of Civil Procedure 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud...of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

///

1    Here, Plaintiff's motion does not show grounds for reconsideration of the Court's prior
2 order. The Court has previously considered that Plaintiff contends he is disabled, that he is a
3 layman at the law, and that he has limited legal assistance from the law librarian. Nevertheless, it
4 has found that Plaintiff has adequately articulated his claims, complied with all Court orders,
5 makes comprehensible filings, and has at least some assistance from other individuals. The Court
6 is not persuaded that this is the type of case that presents the "exceptional circumstances" which
7 might require the appointment of counsel. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir.
8 1997). Plaintiff has not shown that the Court committed any error in denying Plaintiff's requests
9 for counsel earlier in this case.  Further, in arriving at its original decision, this Court is mindful
10 that the court has limited access to counsel willing to accept these cases, it is not a right to have
11 an appointment and the "exceptional circumstances" standard previously discussed.

12    For these reasons, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration
13 of the order denying his second motion for the appointment of counsel, filed November 9, 2016
14 (ECF No. 31), is DENIED.

IT IS SO ORDERED.

Dated:   **November 14, 2016**

UNITED STATES MAGISTRATE JUDGE